UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSÉ DAVILA, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:10cv366-FM |
| | § | |
| UNITED STATES, et al., | § | |
|     Defendants. | § | |

## UNITED STATES' MOTION TO DISMISS & FOR SUMMARY JUDGMENT

The United States respectfully moves this Court to dismiss Plaintiffs' Second, Third, and Tenth Causes of Action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In addition, the United States respectfully moves this Court to dismiss Plaintiffs' Seventh, Eighth, and Ninth Causes of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or to grant the United States summary judgment under Federal Rule of Civil Procedure 56.

### OVERVIEW

This case arises from two stops: one at a United States Border Patrol checkpoint and a second on a highway within Big Bend National Park. Plaintiffs complain about how federal law enforcement officers conducted the stops. Plaintiffs have invoked the Federal Tort Claims Act ("FTCA"), which waives the United States' sovereign immunity from suit for a limited set of claims when a plaintiff would have an action against a private person under state law. Several of Plaintiffs' claims do not fall within this limited waiver; they seek to challenge governmental actions, such as detention of property by law enforcement and discretionary decisions, that Congress has specifically excluded. Plaintiffs' remaining claims fail either because they do not state a claim under Texas tort law or because the factual record shows that the United States is entitled to summary judgment. Therefore, this Court should dismiss Plaintiffs' claims against the United States with prejudice.

## STATEMENT OF THE CASE

**A. Checkpoint Stop.**  The first stop occurred on January 7, 2009, when a truck in which Plaintiff José Davila and his son Tocho Davila-Luna were passengers stopped at the United States Border Patrol checkpoint south of Marathon, Texas.  SOF ¶¶ 1-2. [1]  Border Patrol agents held the truck for further inspection.  *Id.* ¶¶ 3-7.  Before the inspection was complete, Tocho muscled the driver out of the driver's seat and fled the checkpoint at high speed, leaving Plaintiff Davila and the driver behind.  *Id.* ¶¶ 8-9.  A sheriff's deputy pursued.  *Id.* ¶ 10.  Tocho tried to foil the deputy's pursuit by trying to cause a collision and swerving into lanes of oncoming traffic.  *Id.* ¶ 11.  He stopped only after the deputy fired on the truck.  *Id.* ¶ 12-13.  After being brought back to the checkpoint, Tocho lashed out at a Border Patrol agent, injuring his hand.  *Id.* ¶ 14.  A few days later, the U.S. Attorney's Office charged Tocho with high-speed flight from a checkpoint, *see* 18 U.S.C. § 748, and assaulting, impeding, or resisting a federal officer, *see* 18 U.S.C. § 111, and Judge Goains issued a warrant for his arrest.  *Id.* ¶¶ 15-17.  Plaintiff Davila has now sued the United States on the theory that he was unlawfully detained at the checkpoint and improperly questioned about Tocho's criminal conduct.  *See* Compl. ¶¶ 70-79.

**B. Traffic Stop in Big Bend.**  The second stop resulted from efforts to find Tocho, who as of April 4, 2009, still had not appeared to answer the charges against him.  SOF ¶ 17.  That day, a Border Patrol agent reported spotting a car that Tocho had previously claimed to own driving south toward Big Bend National Park and the U.S.–Mexico border.  *Id.* ¶¶ 20-23.  He sent out an alert that reached U.S. Park Rangers in Big Bend National Park.  *Id.*  The Rangers located the car, which was speeding, and when they pulled in behind it, it stopped.  *Id.* ¶¶ 24, 26-32.  Because of Tocho's history of flight and assaulting law enforcement, they approached the stop as high-risk.  *Id.* ¶ 25.  Plaintiff Davila, who was driving the car, and Plaintiff Marcela Duarte, who was a passenger in the car, allege that the reports alerting the Rangers to Tocho's potential presence were negligent and that the Rangers assaulted them, falsely imprisoned them,

---

[1] "SOF" refers to the Federal Defendants' Summary of Facts filed with the Federal Defendants' Appendix.  *See* Local Rule CV-7(c).  The Summary includes pinpoint references to supporting declarations and court records.

and caused them emotional distress.  *See* Compl. ¶¶ 100-18.  Based on those allegations, they have sued the United States.[2]

## ARGUMENT

Plaintiffs are attempting to sue the United States for torts.  "The Constitution contemplates that, except as authorized by Congress, the federal government and its agencies are immune from suit."  *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251-52 (5th Cir. 2006) (en banc).  The FTCA is the "exclusive vehicle" Congress has allowed for asserting tort claims against the United States, and even that vehicle is "subject to strict limitations."  *Id.*  First, Congress has preserved sovereign immunity from certain types of claims through a series of exceptions to the FTCA's waiver.  *See* 28 U.S.C. § 2680.  If a claim falls within one of these exceptions, the United States has maintained its sovereign immunity, and a court lacks subject-matter jurisdiction to consider it.  *In re Supreme Beef*, 468 F.3d at 251-52.  Second, to recover under the FTCA, a Plaintiff must establish that the United States would be liable under state tort law if it were a private person.  *See* 28 U.S.C. §§ 1346(b)(1), 2674; *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010).

Each of Plaintiffs' claims fails to meet one or both of these limitations.  Several of Plaintiffs' claims fail for lack of subject-matter jurisdiction and are therefore subject to dismissal under Rule 12(b)(1).  When, as in this motion, the defendant challenges subject matter jurisdiction on the face of the complaint, the court asks whether, assuming the complaint's factual allegations are true, the plaintiff has alleged a claim over which the court has subject-matter jurisdiction.  *See Spotts*, 613 F.3d at 565-66.  Plaintiffs bear the burden of showing an "unequivocal waiver of sovereign immunity."  *Id.* at 568.  For several of Plaintiffs' claims— in particular, all the claims arising out of the checkpoint stop and the negligence claim — Plaintiffs have failed to carry this burden.  Some of those claims, and all of Plaintiffs' remaining claims, fail under Texas state law.  Either Plaintiff has failed to state a tort claim on which relief can be

---

[2] A separate motion addresses Plaintiffs' claims against U.S. Park Rangers Iftikhar Khan, Blake Trester, Phil Basak, Brian Sikes, and Mark Spier in their respective individual capacities. Plaintiffs have also attempted to sue unknown law enforcement officers, but those individuals have not been named or served.

granted under Texas law, in which case the claims are subject to dismissal under Rule 12(b)(6), or the record establishes that the United States is otherwise entitled to judgment as a matter of law, in which case this Court should grant summary judgment under Rule 56.

## I. THIS COURT SHOULD DISMISS THE CLAIMS ARISING FROM THE CHECKPOINT STOP.

Plaintiff Davila asserts two claims against the United States based on the events surrounding the stop at the Border Patrol checkpoint on January 7, 2009: false imprisonment and intentional infliction of emotional distress. Plaintiff Davila alleges that Border Patol agents "willfully arrested and detained [him] without his consent and without legal authority and justification." Compl. ¶ 72. He also alleges that Border Patrol agents "attempted to coerce [him] into signing false legal documents" (allegedly stating that Tocho had "mistreated him in order to escape from the checkpoint") and that "[a]fter he refused to do so . . . , [the agents] . . . arrested and detained [him] in the Brewster County Jail," *Id.* ¶¶ 28, 77.

Neither of these claims can survive a motion to dismiss on the face of the complaint. Both claims are subject to dismissal for lack of subject matter jurisdiction under the FTCA's detention-of-goods exception because they arise from law enforcement officers' detention of the truck in which Plaintiff was traveling. And the emotional-distress claim is subject to dismissal for additional reasons: To the extent it challenges Border Patrol agents' attempt to solicit a statement from Plaintiff, it is barred by the FTCA's discretionary-function exception, and to the extent it challenges Plaintiff's confinement, it sounds in false imprisonment and therefore cannot proceed as a separate emotional-distress claim.

### A. This Court should dismiss the claims for lack of subject-matter jurisdiction because the FTCA's detention-of-goods exception bars claims that arise from torts incident to detention of property by law enforcement officers.

With exceptions not applicable here, the FTCA's detention-of-goods exception preserves the United States' sovereign immunity from "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). It applies to any injury arising from detention of property, *Kosak v. United States*, 465 U.S. 848, 854 (1984), by any law enforcement officer, *Ali*

*v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008), so long as the tort is "committed incident to the performance of an agent's duties under § 2680(c)," *Jeanmarie v. United States*, 242 F.3d 600, 604-05 (5th Cir. 2001); *cf. Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) (interpreting language in § 2680(c) insulating "assessment or collection of any tax or customs duty" as "broad enough to encompass any activities of an IRS agent *even remotely related* to his or her official duties") (emphasis added).  For example, in *Jeanmarie*, the Fifth Circuit held that the exception was broad enough to cover claims of false imprisonment and assault by a plaintiff whom federal officers detained and allegedly manhandled during an inspection of his vehicle at a border checkpoint.  *See* 242 F.3d at 604-05.

Like the claims dismissed in *Jeanmarie*, Plaintiff Davila's claims arise from alleged torts "committed incident to the performance of an agent's duties under § 2680(c)" — namely, the detention of the truck at the checkpoint.  To the extent Plaintiff alleges he was somehow "imprisoned" while agents inspected the truck, that "imprisonment" was incident to agents' detention and inspection of the truck in which he was traveling.  *See* Compl. ¶¶ 17-19, 22-24.  To the extent Plaintiff alleges he was detained or questioned after Tocho fled the checkpoint, that detention and questioning arose directly from Tocho's disruption of the agents' detention and inspection of the truck.  *See* Compl. ¶¶ 27-29.  Even according to Plaintiff's own complaint, then, all the alleged actions about which he complains were incident to the detention of the truck at the checkpoint.  The detention-of-goods exception requires that those claims be dismissed for lack of subject-matter jurisdiction.

> **B.     This Court should dismiss the claim for intentional infliction of emotional distress for lack of subject-matter jurisdiction because the FTCA's discretionary-function exception bars claims directed at the way law enforcement questions individuals.**

Plaintiff Davila's emotional-distress claim is premised in part on his allegation that agents "attempted to solicit a false declaration from [him] by attempting to coerce him to sign a statement that his son Tocho Davila had mistreated him in order to escape from the checkpoint." Compl. ¶ 28; *see also id.* ¶ 77.  To the extent Plaintiff is challenging how agents attempted to solicit information from him, that challenge is barred by the FTCA's discretionary-function

exception.  The discretionary-function exception preserves sovereign immunity from "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984).  To avoid dismissal, therefore, a plaintiff must "alleg[e] a claim that is facially outside of the discretionary function exception."  *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 & n.3 (5th Cir. 2009).

Courts use a two-prong test to determine whether particular conduct falls within the discretionary-function exception.  *Spotts*, 613 F.3d at 567.  At the first prong, the court considers whether the conduct at issue "involv[es] an element of judgment or choice."  *Id.* at 567 (internal quotation marks omitted).  "If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary."  *Id.*  But "the discretionary function exception does not apply if the challenged actions in fact violated a federal statute, regulation, or policy."  *Id.*  At the second prong, the court asks whether the whether the conduct challenged involved "considerations of public policy."  *Id.* at 568 (internal quotation marks omitted).  The critical question is not whether the employee in fact engaged in a policy analysis, but whether the decision is "'susceptible to policy analysis.'"  *Id.* at 572 (quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991)).

Plaintiff Davila's allegations that agents tried to induce him to sign statements about Tocho's flight from the checkpoint, *see* Compl. ¶ 28, do not support an emotional-distress claim facially outside the discretionary-function exception.  First, Plaintiff has identified no federal statute, regulation, or policy that restricts what an agent may say to a witness to induce him to give a statement, and in fact there is none.  Second, how agents seek information from witnesses is a decision-making process susceptible to policy analysis.  As one court has explained, "[j]ust

how law enforcement agents are to conduct interrogations would appear to be a paradigmatic example of a discretionary function" because "[t]he process is one that involves elements of judgment and choice — the central ingredients of discretion." *O'Ferrell v. United States*, 253 F.3d 1257, 1267 (11th Cir. 2001). Therefore, Plaintiff cannot premise an FTCA claim on allegations that the agents improperly pressured him to build a case against Tocho.

      **C.**      **This Court should dismiss the claim for intentional infliction of emotional distress for failure to state a claim because the gravamen of Plaintiff's claim for unlawful confinement is another tort.**

Plaintiff Davila premises the remainder of his emotional distress claim on allegations that, after he refused to sign a statement about Tocho's flight from the checkpoint, agents "arrested and detained [him] in the Brewster County Jail." Compl. ¶ 77. Even if the FTCA's detention-of-goods exception did not bar a claim based on these allegations, that claim could not be one for intentional infliction of emotional distress. Intentional infliction is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Thus, "where the gravamen of a plaintiff's complaint is actually another tort, such as a constitutional civil rights violation or false imprisonment, a cause of action for intentional infliction of emotional distress is not available." *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 825 (W.D. Tex. 2007); *Bittakis v. City of El Paso*, 480 F. Supp. 2d 895, 923 (W.D. Tex. 2005). To the extent Plaintiff is alleging that he was "placed in a cell" in Brewster County "without cause or legal justification," *see* Compl. ¶ 29, the gravamen of the emotional-distress claim is false imprisonment. *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375-76 (Tex. 1985) (defining false imprisonment under Texas law). Therefore, no separate cause of action for intentional infliction of emotional distress is available for Plaintiff Davila's allegations of unlawful confinement.

II.   **THIS COURT SHOULD DISMISS OR GRANT THE UNITED STATES SUMMARY JUDGMENT ON THE CLAIMS ARISING FROM THE STOP IN BIG BEND NATIONAL PARK.**

Plaintiffs raise four claims against the United States based on the traffic stop in Big Bend. They allege that a Border Patrol agent negligently failed to perform adequate records checks before reporting to the Park Service that Tocho, then a fugitive, might have been in the car Plaintiff Davila was driving. *See* Compl. ¶¶ 115-18. And they allege that once the Rangers stopped the car, they assaulted Plaintiffs, intentionally inflicted emotional distress, and falsely imprisoned them. *See* Compl. ¶¶ 100-114. None of these claims can proceed. The United States is immune from Plaintiffs' negligence claim because the discretionary-function exception preserves sovereign immunity from claims of negligent investigation. And Plaintiffs' remaining claims either fail to state a claim under Texas law, are clearly meritless on the record, or both.

  A.   **This Court should dismiss Plaintiffs' negligence claim for lack of subject-matter jurisdiction because the FTCA's discretionary function exception preserves sovereign immunity from claims of negligent investigation.**

In their Tenth Cause of Action, Plaintiffs assert a negligence claim. *See* Compl. ¶¶ 115-18. Plaintiffs allege that a CBP agent alerted the Rangers that there was "a vehicle" — apparently "Plaintiff Davila's vehicle" — "that was alleged to be associated with, and carrying, a fugitive wanted for assaulting Border Patrol agents at a checkpoint." *Id.* ¶¶ 115, 117. Plaintiffs allege that the agent was negligent in identifying this vehicle as "being associated with a fugitive without properly researching the alleged fugitive's status." *Id.* ¶ 117. This supposed negligence, Plaintiffs posit, was a result of an alleged breach of a "duty to conduct a proper review of CBP records." *Id.* ¶¶ 116, 118. This claim fails on its face under the discretionary-function exception.

This claim meets the first prong of the discretionary-function test because Plaintiffs have not identified any federal statute, regulation, or policy that requires Border Patrol agents to conduct a certain type of research or to review particular records before alerting another agency to the possible location of a fugitive. The agent's decision about how much research to do before alerting the Rangers therefore involved an element of judgment or choice. *Cf. Mesa v. United States*, 123 F.3d 1435, 1438 (11th Cir. 1997) ("We readily conclude that the decisions regarding how to locate and identify the subject of an arrest warrant and regarding whether the person

apprehended is in fact the person named in the warrant are discretionary in nature and involve an element of judgment or choice.").

This claim also meets the second prong of the discretionary-function test because the decision Plaintiffs have challenged — the agent's decision how, and how intensively, to investigate a lead on the location of a fugitive before acting on it — is one susceptible to policy analysis.  In general, law enforcement agents' decisions about how to investigate a matter are susceptible to policy analysis and thus fall within the discretionary function exception.  *See McElroy v. United States*, 861 F. Supp. 585, 591-92 (W.D. Tex. 1994); *accord Sabow v. United States*, 93 F.3d 1445, 1453 (9th Cir. 1996) ("Investigations by federal law enforcement officials . . . clearly require investigative officers to consider relevant political and social circumstances in making decisions about the nature and scope of criminal investigations."); *Horta v. Sullivan*, 4 F.3d 2, 21-22 (1st Cir. 1993) ("[A]lthough law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986) ("Congress did not intend to provide for judicial review of the quality of investigative efforts.").  And in particular, "[t]he decision as to how to locate and identify the subject of an arrest warrant prior to service of the warrant is susceptible to policy analysis." *Mesa*, 123 F.3d at 1438.  Agents must weigh the value of additional research or records checks against the urgency of apprehending the subject, which in turn depends on agency enforcement priorities, an assessment of the subject's dangerousness, and an evaluation of what future opportunities and resources may be available to apprehend the subject.  *Cf. id.*  Therefore, because Plaintiffs have not pled any facts that would support a negligence claim not subject to the discretionary-function exception, that claim is subject to dismissal on the face of the complaint for lack of subject-matter jurisdiction.

> **B.     This Court should grant the United States summary judgment on Plaintiffs' assault claim because the Rangers' use of force during the stop was privileged.**

In their Seventh Cause of Action, Plaintiffs assert an assault claim against the United States based on allegations that "Defendants NPS Rangers assaulted Plaintiffs by drawing and

aiming their weapons on Plaintiffs . . . [and] knowingly or recklessly made contact with Plaintiffs . . . , which caused them bodily injury and pain." Compl. ¶ 102. This claim cannot proceed because the Rangers' use of firearms and any contact they made with Plaintiffs was privileged under Texas law. "[A]ctivity that would otherwise subject a person to liability in tort for assault does not constitute tortuous conduct if the actor is 'privileged' to engage in that conduct." *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1231 (5th Cir. 1988). Although a person ordinarily commits an assault if he intentionally or knowingly threatens another with imminent bodily injury, a law enforcement officer who points a gun at someone as a conditional threat to use actual force if necessary is privileged from this sort of liability. *See id.* at 1231-32; *Garza v. United States*, 881 F. Supp. 1103, 1106 (S.D. Tex. 1995). And under Texas' "civil defense privilege," Tex. Penal Code § 9.51(a),[3] a federal law enforcement officer does not incur assault liability for using reasonable force to detain someone. *See Villafranca v. United States*, 587 F.3d 257, 263, 264 (5th Cir. 2009). The United States can invoke such privileges for its law enforcement officers as well. *See id.*

Under this standard, the United States cannot be liable because all the Rangers' conduct was privileged. As their brief explains more fully, the Rangers faced a potentially dangerous situation: They were stopping a car associated with a felon with an active warrant and a history of assaulting law enforcement. *See* Rangers' Mot. at 6-7, 9, 11. In these circumstances, making a conditional threat to use actual force is privileged. *Cf. Hinojosa*, 834 F.2d at 1231-32 (holding

---

[3] Texas Penal Code section 9.51(a) provides that
> [a] peace officer . . . is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making an arrest or search . . . if:
> (1) the actor reasonably believes the arrest or search is lawful . . . ; and
> (2) before using force, the actor manifests his purpose to arrest or search and identifies himself as a peace officer . . . , unless he reasonably believes his purpose and identity are already known by . . . the person to be arrested.

Although this statute uses the term "arrest," in Texas statutes governing arrests without warrants, the term "arrest" is not limited to a formal, custodial arrest, but applies when an officer stops a person based on reasonable suspicion. *See Garcia v. State*, 296 S.W.3d 180, 184 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *State v. Purdy*, 244 S.W.3d 591, 594 (Tex. App.—Dallas 2008, pet. struck).

pointing of weapon privileged even where "[h]indsight may afford a basis for concluding that there was no necessity to thus point the gun and that [the officer] acted unreasonably, and may have been braggadocious, in doing so"); *Garza*, 881 F. Supp. at 1106-07 (holding pointing of weapons privileged where officers reasonably but mistakenly believed occupants of car had evaded arrest).  Likewise, whatever unspecified "contact" Plaintiffs object to, and whatever unspecified "bodily injury and pain" that contact caused, that contact was privileged and therefore not tortuous.  The use of handcuffs and the minimal contact necessary to escort a person to a Ranger vehicle were far from unreasonable under the circumstances.  *See* Rangers' Mot. at 11-13.  Therefore, this Court should grant the United States summary judgment on Plaintiffs' assault claim.

   **C.**  **This Court should dismiss or grant the United States summary judgment on Plaintiffs' claim for intentional infliction of emotional distress.**

  In their Eighth Cause of Action, Plaintiffs assert a claim for intentional infliction of emotional distress based on an allegation that the Rangers "had their weapons aimed at Plaintiffs during their detention, despite peaceful compliance with all instructions, and despite the fact Plaintiffs were handcuffed."  Compl. ¶ 106.  As discussed above, the Rangers' use of weapons was privileged under Texas law, *see supra* Part II.B, so the emotional-distress claim fails for that reason.  Even if the conduct were not privileged, however, this claim still could not proceed for two additional reasons.

  First, Plaintiffs may not pursue an emotional-distress claim based on the same allegations that underlie their other claims.  As discussed above, intentional infliction of emotional distress is a "gap-filler" tort that is unavailable when the gravamen of a plaintiff's complaint is actually another tort.  *See Burkett*, 513 F. Supp. 2d at 825; *Bittakis*, 480 F. Supp. 2d at 923; *Hoffman-LaRoche*, 144 S.W.3d at 447.  The gravamen of Plaintiffs' emotional-distress claim is having weapons aimed at them.  *See* Compl. ¶ 106.  That claim sounds, if at all, in assault.  *See supra* Part II.B.  Because the Plaintiffs would have that theory of redress available to them if their claims had any merit, they cannot also pursue a claim for intentional infliction of emotional distress.  *See Burkett*, 513 F. Supp. 2d at 825; *Bittakis*, 480 F. Supp. 2d at 923; *Hoffman-*

*LaRoche*, 144 S.W.3d at 447.  Plaintiffs, therefore, have failed to state a claim on which relief can be granted for intentional infliction of emotional distress.

Second, Plaintiffs' emotional-distress claim fails because the Plaintiffs cannot satisfy the crucial requirement that the Rangers' conduct have been "extreme and outrageous."  *Hoffman-LaRoche Inc.*, 144 S.W.3d at 445.  To recover damages for intentional infliction of emotional distress, a Plaintiff must prove that the challenged conduct was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and be atrocious and utterly intolerable in a civilized community."  *Shaboon v. Duncan*, 252 F.3d 722, 734 (5th Cir. 2001). The court must determine in the first instance whether conduct was extreme and outrageous. *Hoffman-La Roche Inc.*, 144 S.W.3d at 445.  "Only when reasonable minds may differ is it for the jury to determine whether conduct has been sufficiently extreme and outrageous to result in liability."  *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 741 (Tex. 2003).  Reasonable minds cannot differ here because the Rangers' use of their firearms during the stop was clearly not "extreme and outrageous."  The Rangers drew their weapons for protection while stopping and clearing a car associated with a violent, wanted felon.  SOF ¶¶ 20, 22, 25.  They had to perform these tasks on an isolated highway close to the U.S.-Mexico border.  *Id.* ¶ 23.  And as soon as the car was clear, the Rangers holstered their weapons.  *Id.* ¶ 44.  As a matter of law, this use of firearms is not "extreme and outrageous."  *Cf. Garza*, 881 F. Supp. at 1108 (granting summary judgment on identical claim in nearly identical circumstances); *Garza v. United States*, 881 F. Supp. 1099, 1101-03 (S.D. Tex. 1995) (rejecting alternative *Bivens* claim in same case). Therefore, Plaintiffs have failed to establish a required element of their claim, and the United States is entitled to summary judgment.[4]

---

[4] Plaintiffs must also show that the Rangers acted intentionally or recklessly, that their actions caused Plaintiffs emotional distress, and that the emotional distress was severe.  *Garza*, 881 F. Supp. at 1108.  Defendants do not concede that the record supports finding that any of the other elements are established either.

**D.     This Court should grant the United States summary judgment on Plaintiffs' false imprisonment claim because the Rangers had legal authority to detain Plaintiffs.**

In their Ninth Cause of Action, Plaintiffs assert a claim for false imprisonment based on an allegation that the "United States willfully arrested and detained Plaintiffs Jose Davila and Marcel [sic] Duarte without their consent and without legal authority or justification."  Compl. ¶ 111.  The elements of a false imprisonment claim are (1) willful detention; (2) without consent; and (3) without authority of law.  *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375-76 (Tex. 1985).  To prove false imprisonment, therefore, a plaintiff "must prove the absence of authority."  *Id.*  Texas law authorizes law enforcement officers to temporarily detain an individual for investigatory purposes if the officer has a reasonable suspicion that the person has committed a crime.  *Garza*, 881 F. Supp. at 1107.  The Rangers are commissioned federal law enforcement officers, *see* 16 U.S.C. § 1a-6(b), and thus empowered to detain individuals on reasonable suspicion without incurring tort liability.  *See id.*; *cf. Villafranca*, 587 F.3d at 264 (holding that federal government may invoke statutory "civil defense privilege" when its officers use force to complete arrest).  As the Rangers' brief explains more fully, reasonable suspicion supported the detentions at issue here.  *See* Rangers' Mot. at 5-8.  Therefore, Plaintiffs' detention was not without legal authority, and their claim for false imprisonment fails.  *See Garza*, 881 F. Supp. at 1107.

## CONCLUSION

Plaintiffs have not raised any claims on which they can recover damages from the United States.  Even where they have articulated a claim not barred by sovereign immunity — and in most instances, they have not — their own allegations or the undisputed record make apparent that their claims cannot proceed.  This Court should therefore dismiss all Plaintiffs' claims against the United States with prejudice.

Respectfully submitted,

TONY WEST
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director, Constitutional Torts Section

RICHARD MONTAGUE
Senior Trial Counsel, Constitutional Torts Section

/s/
ZACHARY RICHTER, Texas Bar No. 24041773
Trial Attorney, Constitutional Torts Section
United States Department of Justice, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C.  20044
(202)616-4199 (phone)
(202)616-4314 (fax)

*Attorneys for the United States, Iftikhar Khan, Phil Basak, Brian L. Sikes, Mark Spier & Blake Trester*

## CERTIFICATE OF SERVICE

      I certify that on May 2, 2011, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to these CM/ECF participants:

| | | |
|---|---|---|
| Javier Saenz | Amanda Jane Chisholm | Susan L. Watson |
| Texas Rio Grande Legal Aid | Texas RioGrande Legal Aid | Texas RioGrande Legal Aid |
| 1331 Texas Ave | 114 North 6th Street | 311 Plus Park Blvd., Suite 135 |
| El Paso, TX 79901 | Alpine, TX 79830 | Nashville, TN 37217 |
| jsaenz@trla.org | achisholm@trla.org | swatson@trla.org |

      /s/ _____
      Zachary Richter