UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSÉ DAVILA, et al.,<br>　　Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br>　　Defendants. | §<br>§<br>§<br>§　　No. 3:10cv366-FM<br>§<br>§<br>§ |

### REPLY IN SUPPORT OF UNITED STATES' <u>MOTION TO DISMISS & FOR SUMMARY JUDGMENT</u>

In its opening motion, the United States explained why several of Plaintiffs' claims fail for lack of subject-matter jurisdiction on the face of the Complaint. The United States also explained why this Court should dismiss or grant summary judgment on the remaining claims. Plaintiffs have failed to rebut the United States' arguments. Instead of showing how their claims can proceed in spite of binding precedent to the contrary, they urge this Court not to follow that precedent. And instead of showing how the factual allegations in their Complaint support plausible claims, they try to assert new, equally irrelevant facts or new, equally meritless claims. This Court should reject these tactics and dismiss Plaintiffs' claims against the United States with prejudice.

**I.　THIS COURT SHOULD DISMISS THE CLAIMS ARISING FROM THE CHECKPOINT STOP.**

In response to Plaintiffs' two claims based on the checkpoint stop (the Second and Third Causes of Action, *see* Compl. ¶¶ 70-79), the United States has raised defenses on the face of the complaint. *See* U.S. Mot. at 4 ("Neither of these claims can survive a motion to dismiss *on the face of the complaint*.") (emphasis added). The United States has challenged whether the complaint on its face establishes subject matter jurisdiction over either of the two checkpoint-stop claims. *See* Fed. R. Civ. P. 12(b)(1); U.S. Mot. at 4-7. And on the emotional-distress claim only, the United States has shown that, even accepting the Plaintiffs' factual allegations as true, the complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); U.S. Mot. at 7.

Plaintiffs' response, which focuses on the summary judgment standard of Rule 56, misunderstands the *facial* nature of these challenges. *See* Opp'n at 2-4. A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may raise either a "facial" challenge (a challenge to the sufficiency of the complaint) or a "factual" challenge (a challenge based on evidence). *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Where, as here, a 12(b)(1) motion to dismiss raises a facial challenge to jurisdiction, the district court "is required merely to look to the sufficiency of the allegations in the complaint." *Id.*[1] To overcome the facial challenge to subject matter jurisdiction, Plaintiffs "must invoke jurisdiction by *pleading facts* that *facially* allege matters outside [that] exception." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 n.3 (5th Cir. 2009) (emphasis added). Similarly, on a 12(b)(6) motion to dismiss for failure to state a claim, the court's review "is limited to the complaint." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).[2] To overcome a motion for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible *on its face*.'" *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

Thus, Plaintiffs' attempts to rely on their own declarations to rebut the United States' facial challenges, *e.g.*, Opp'n at 5, are misguided. And Plaintiffs' various accusations that the United States has "conceded" or "does not challenge" their allegations, *e.g.* Opp'n at 13 & n.4, miss the point. In assessing the sufficiency of a complaint, a court accepts factual allegations as true, *see Iqbal*, 129 S. Ct. at 1949, so contesting Plaintiffs' factual allegations in the context of

---

[1] Plaintiffs' suggestion that the United States' motion to dismiss under Rule 12(b)(1) "must be treated as a motion for summary judgment" is simply wrong. A court cannot convert a Rule 12(b)(1) motion into a summary judgment motion. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). And Plaintiffs' reliance on cases involving mandamus, *see* Opp'n at 2, or challenges to the existence of a federal cause of action at all, *see* Opp'n 2-3, is misplaced. No mandamus claim is at issue here, and the question raised by the United States' motion is not whether Plaintiffs have a federal cause of action, but whether sovereign immunity bars Plaintiffs' claims.

[2] Courts in the Fifth Circuit recognize some exceptions, such as "documents attached to the motion to dismiss that are central to the claim and referenced in the complaint," *id.*, that are not applicable here.

Reply in Support of U.S. Motion for Summary Judgment                                                                 2

this facial motion would be fruitless. The sole question raised by the portion of the United States' motion addressing the checkpoint stop is whether the factual allegations in the Complaint are adequate. As the United States has shown, they are not.

### A. This Court should dismiss the checkpoint-stop claims for lack of subject-matter jurisdiction under the FTCA's detention-of-goods exception.

Binding precedent forecloses Plaintiff Davila's arguments against application of the FTCA's detention-of-goods exception, 28 U.S.C. § 2680(c). Plaintiff first tries to avoid the exception by disavowing his challenge to acts "committed during the agents' inspection of his immigration status" and instead focusing on events "follow[ing] his immigration checkpoint detention" such as his alleged detention and questioning inside the checkpoint. Opp'n at 5. But the detention-of-goods exception does not just preclude claims based on the government's detention of an object; rather, it applies to "[a]ny claim *arising in respect of* . . . the detention of any goods." 28 U.S.C. § 2680(c) (emphasis added). Thus, in *Jeanmarie v. United States*, 242 F.3d 600, 601-05 (2001), the Fifth Circuit held that the exception barred assault and false imprisonment claims that arose when Customs agents detained and scuffled with a plaintiff during the inspection of his automobile at a checkpoint. Like the claims at issue in *Jeanmarie*, Plaintiffs' checkpoint-stop claims all arise from the detention of the vehicle in which he was riding. *See* Compl. ¶¶ 17-19, 22-24, 27-29. The detention-of-goods exception therefore bars his claims for false imprisonment and emotional distress arising from the checkpoint stop.

Plaintiff next argues that this Court should read another provision of the FTCA, the "law enforcement proviso" in the second clause of § 2680(h), to have repealed the detention-of-goods exception in § 2680(c). In the original version of § 2680(h), Congress reserved the United States' sovereign immunity from claims for "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." Later, however, Congress added a proviso to § 2680(h) allowing claims based on "acts or omissions of . . . law enforcement officers." Act of Mar. 16, 1974, Pub. L. No.93-253, 88 Stat. 50. Plaintiffs contend that this proviso applies not just to § 2680(h), but to the entire FTCA, so that the other exceptions in § 2680, such as the detention of goods exception, do not apply when a law enforcement officer is involved. Opp'n at 6-11.

The Fifth Circuit has explicitly rejected this argument. *Jeanmarie*, 242 F.3d at 605 ("[W]e decline to apply § 2680(h) to override § 2680(c)'s exception to the FTCA's general waiver of sovereign immunity in situations where, as here, the alleged intentional tort is committed incident to the performance of an agent's duties under § 2680(c)."); *accord Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994). The United States admits that it does, as Plaintiffs suggest, *see* Opp'n at 6, urge this Court to follow Fifth Circuit precedent and to reject Plaintiffs' interpretation accordingly.

Contrary to Plaintiffs' arguments, Opp'n at 8-11, there is no conflict between *Jeanmarie* and other Fifth Circuit decisions. Plaintiffs point to *Sutton v. United States*, 819 F.2d 1289 (5th Cir. 1987), a case about the discretionary function exception in § 2680(a), but the panel in that case explicitly declined to draw any conclusion about the interaction between the law-enforcement proviso and the FTCA's exceptions. *See id.* at 1298 ("Consistent with the Constitutionally mandated Article III case or controversy requirement, it is both impossible and certainly inappropriate for us to declare categorically — or to state in a principled way — the circumstances in which either the discretionary function exception and the law enforcement proviso governs to the exclusion of the other."). Plaintiffs also point to dissenting opinions from *Castro v. United States*, 608 F.3d 266 (5th Cir. 2010) (en banc) (per curiam), *cert. denied*, 131 S. Ct. 902 (2011). But in that case the en banc majority declined to adopt the view, advanced by Plaintiffs' counsel, that the law enforcement proviso somehow vitiated the FTCA's other exceptions. *Id.* at 267-68. Thus, *Jeanmarie* remains binding precedent.

*Jeanmarie* is also correctly decided. As Plaintiffs concede, Opp'n at 10, adopting their interpretation would essentially eliminate § 2680(c)'s detention-of-goods exception contrary to the rule against implied repeals, *see Hui v. Castaneda*, 130 S. Ct. 1845, 1853 (2010) ("[R]epeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest.") (internal quotation marks omitted). The detention-of-goods exception covers a detention of goods by "any . . . law enforcement officer." §2680(c). If the law enforcement proviso somehow waived sovereign immunity for *all* torts committed by law enforcement officers, then the phrase "any . . . law enforcement officer" would be obsolete. As

the Fifth and Ninth Circuits have found, § 2680(c) and the law enforcement proviso do not inevitably conflict. *See Jeanmarie*, 242 F.3d at 605; *Gasho*, 39 F.3d at 1433. The law enforcement proviso is more naturally read to qualify only the exception laid out in § 2680(h). Thus, while the law enforcement proviso waives the immunity the United States would otherwise have from the torts enumerated in § 2680(h), the detention-of-goods exception preserves the United States' immunity if that tort "arises in respect of . . . the detention of goods." By harmonizing the statute in this way, the Fifth Circuit avoided an implied repeal. Moreover, Plaintiffs' warning that the Fifth Circuit's interpretation gives law enforcement officers "the ability to commit intentional torts at will . . . or violate the Constitution with impunity," Opp'n at 8, is overblown. The FTCA does not immunize law enforcement officers from claims based on constitutional violations. 28 U.S.C. § 2679(b)(2). This Court should follow *Jeanmarie* and dismiss Plaintiff's checkpoint-stop claims for lack of subject matter jurisdiction.

B.  **This Court should dismiss for lack of subject-matter jurisdiction Plaintiff Davila's claim for intentional infliction of emotional distress because the FTCA's discretionary-function exception bars claims directed at how agents questioned him.**

In its motion, the United States explained how a component of Plaintiff Davila's emotional-distress claim — his complaints about how agents tried to solicit information from him — is barred by the FTCA's discretionary-function exception, § 2680(a). Plaintiff responds by arguing that the discretionary-function exception in § 2680(a) is categorically inapplicable to all torts allegedly committed by federal law enforcement officers. Opp'n at 6-8, 10-11. The Fifth Circuit, however, has not accepted this argument. In *Castro*, the en banc Fifth Circuit applied the discretionary-function exception to preclude tort claims based on the conduct of federal law enforcement officers. *See* 608 F.3d at 268. In doing so, the en banc court declined to adopt the argument Plaintiffs present here. *Compare id. with id.* at 269 (Dennis, J., dissenting); *id.* at 275 (DeMoss, J., dissenting).

This Court should likewise decline to adopt Plaintiffs' argument. As the majority of circuits to consider the issue have concluded, § 2680(a)'s discretionary-function exception and § 2680(h)'s law-enforcement proviso can be harmonized. *See, e.g., Medina v. United States*, 259 F.3d 220, 225-26 (4th Cir. 2001); *Gasho*, 39 F.3d at 1435; *Gray v. Bell*, 712 F.2d 490, 507-08

(D.C. Cir. 1983). The law enforcement proviso waives the immunity the United States would otherwise have from the tort claims enumerated in § 2680(h), and the discretionary function exception preserves the United States' immunity if the claim is based on the exercise of a discretionary function. *See Medina*, 259 F.3d at 225; *Gasho*, 39 F.3d at 1435; *Gray*, 712 F.2d at 507-08. Indeed, courts in a number of circuits, as well as judges of this Court, have routinely applied the discretionary function exception to bar tort claims based on acts by law enforcement officers. *See, e.g., O'Ferrell v. United States*, 253 F.3d 1257, 1267 (11th Cir. 2001); *Mesa v. United States*, 123 F.3d 1435, 1438 (11th Cir. 1997); *Sabow v. United States*, 93 F.3d 1445, 1453 (9th Cir. 1996); *Horta v. Sullivan*, 4 F.3d 2, 21-23 (1st Cir. 1993); *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986); *Andrade v. United States*, 116 F. Supp. 2d 778, 787-88 (W.D. Tex. 2000); *Hawkins v. United States*, No. EP-93-CA-193-H, 1994 WL 802850, at *2 (W.D. Tex. Nov. 29, 1994); *McElroy v. United States*, 861 F. Supp. 585, 591-92 (W.D. Tex. 1994).

Plaintiff also argues that the discretionary-function exception does not apply because, if his allegations are true, then agents violated a regulation prohibiting them from using "'threats, coercion, or physical abuse . . . to induce a *suspect* . . . to make a statement.'" Opp'n at 13 (quoting 8 C.F.R. 287.8(c)(2)(vii)) (emphasis added). As an initial matter, Plaintiff Davila's allegations do not bring him within the scope of this regulation because they do not establish that he was a "suspect." The Complaint alleges that agents were trying to get a statement "that [Plaintiff's] son Tocho Davila had mistreated him in order to escape from the checkpoint," not that Plaintiff Davila had committed a crime. Compl. ¶ 28.[3] Thus, contrary to Plaintiffs' aspersions, Opp'n at 12, 17 n.5, the United States was entirely correct that "Plaintiff has identified no federal statute, regulation, or policy that restricts what an agent may say to a *witness* to induce him to give a statement, and in fact there is none," U.S. Mot. at 6 (emphasis added).

---

[3] Plaintiffs' declaration is irrelevant to this facial challenge to subject matter jurisdiction, *see supra*, but that declaration also fails to suggest that Plaintiff was a suspect, *see* Davila Decl. ¶ 40 (ECF No. 38-1 at 6) ("The immigration agents told me that I had to make a statement stating that my son had mistreated me in order to gain control of the vehicle and escape from the checkpoint.").

In any event, the Complaint does not allege any facts that could support the conclusory assertion, Compl. ¶ 28, that agents coerced Plaintiff Davila. In assessing a complaint, a court need not accept conclusory assertions, but must focus on the nonconclusory factual allegations. *Iqbal*, 129 S. Ct. 1949-50. The Complaint does not allege any statement or action by any federal employee that could be plausibly construed as coercion. Because Plaintiff has failed to "plead[] *facts* that facially allege matters outside the discretionary function exception," *St. Tammany*, 556 F.3d at 315 n.3 (emphasis added), his emotional-distress claim for questioning should be dismissed for lack of subject-matter jurisdiction.

### C. Plaintiff Davila has failed to state a claim for intentional infliction of emotional distress because the gravamen of his claim is another tort.

In its motion, the United States explained that Plaintiff Davila cannot pursue a claim for intentional infliction of emotional distress because the gravamen of his claim is actually false imprisonment. U.S. Mot. at 7. Plaintiff does not dispute this principle, *see* Opp'n at 13-14, but instead tries to revamp his claim into one for "an ongoing pattern of harassment" based on an alleged "series of acts by Border Patrol agents," *id.* at 15.

This tactic is improper. Because the focus of a motion to dismiss is the complaint, *see Lone Star*, 594 F.3d at 387, a plaintiff cannot amend his complaint by asserting new facts in response to a motion to dismiss. *See Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009). The "pattern of harassment" Plaintiff Davila now posits is absent from his Complaint, which predicates his emotional-distress claim on the events of January 7, 2009. *See* Compl. ¶ 77.

Nor may Plaintiff now amend his complaint to change the factual basis for his emotional-distress claim. A plaintiff may not pursue an FTCA claim against the United States unless he has first submitted a written administrative claim to the appropriate federal agency in writing. *See* 28 U.S.C. § 2675(a). The purpose of this provision is to give federal agencies a fair opportunity to investigate claims and to resolve them administratively before litigating them. *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993). As the attachments to the Complaint show, Plaintiff Davila has not submitted any claim for any events other than the checkpoint stop on January 7, 2009, and the stop in Big Bend National Park on April 4, 2009. *See* ECF Nos. 1-1, -2, -3.

Therefore, this Court should reject Plaintiffs' suggestion that he be allowed to amend the complaint to state an emotional-distress claim not covered by his administrative submission. His emotional-distress claim, which duplicates his other claims, should instead be dismissed.

## II. THIS COURT SHOULD DISMISS PLAINTIFFS' NEGLIGENCE CLAIM FOR LACK OF SUBJECT-MATTER JURISDICTION.

As with the checkpoint-stop claims, the United States has challenged Plaintiffs' negligence claim (the Tenth Cause of Action) for lack of subject matter jurisdiction on the face of the complaint. *See* U.S. Mot. at 8-9. On its face, the Complaint does not articulate a claim that can overcome the discretionary-function exception because how and to what extent a law enforcement officer investigates before alerting other law enforcement officers to a potential threat is discretionary. *Id.* To overcome this challenge, Plaintiffs "must [have] invoke[d] jurisdiction by pleading facts that facially allege matters outside the discretionary function exception." *St. Tammany*, 556 F.3d at 315. The conduct alleged in the Complaint is alerting other law enforcement officers to the potential presence of a wanted fugitive without doing a "proper review of [Border Patrol] records" or "properly researching the alleged fugitive's status." Compl. ¶¶ 115-17. Plaintiffs point to no factual allegations in their complaint plausibly suggesting that this conduct violated any mandatory directive or that the decision would not be subject to policy analysis. And aside from vague assertions to the contrary, Opp'n at 17, they do not identify anything unconstitutional about a Border Patrol agent making the report, even if it was negligent. Nor could they; negligent conduct does not violate the Constitution. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution."); *see also Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002) ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability.").

Instead, Plaintiffs seek "jurisdictional discovery." Opp'n at 16. But they are "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). Here, the United States' challenge to jurisdiction is purely facial.

On such a challenge, the Plaintiffs' safeguard is not, as they suggest, jurisdictional discovery. *See Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery ... is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). Rather, their safeguard is the rule that, on a facial motion to dismiss, their factual allegations are assumed true. *See Williamson*, 645 F.2d at 412 (5th Cir. 1981). Plaintiffs' claims must rise or fall on the adequacy of their factual allegations, not discovery.[4]

III. **THIS COURT SHOULD DISMISS OR, ALTERNATIVELY, GRANT THE UNITED STATES SUMMARY JUDGMENT ON THE CLAIMS ARISING FROM THE STOP IN BIG BEND NATIONAL PARK.**

   A. **This Court should grant the United States summary judgment on Plaintiffs' assault claim because the Rangers' use of force during the stop was privileged.**

The undisputed facts show that the Rangers' conduct was privileged and, therefore, did not constitute assault. Under Texas law, the use of force by a "peace officer" is privileged if "the actor reasonably believes the force is immediately necessary"; "the actor reasonably believes the arrest or search is lawful"; and "before using force, the actor manifests his purpose to arrest or search and identifies himself as a peace officer ... unless he reasonably believes his purpose and identity are already known by or cannot reasonably be made known to the person to be arrested."

---

[4] Plaintiffs' assertions that the alert that the Rangers received was somehow shoddy are irrelevant to the discretionary-function exception and in any case also unsupported. Contrary to Plaintiffs' assertion that the evidence is "void of any description whatsoever of the content of [the radio] transmissions" the Rangers received, Opp'n at 17, the Rangers' declarations explain that they received an alert that a particular car associated with wanted felon Tocho Davila-Luna was headed into the Park and that the wanted felon had committed particular acts of aggression toward law enforcement just a few months before. *See* Basak Decl. ¶ 4 (Def. App'x at 21); Khan Decl. ¶ 4 (Def. App'x at 26); Sikes Decl. ¶ 5 (Def. App'x at 29); Trester Decl. ¶ 4 (Def. App'x at 36). Plaintiffs effectively admit that associating the car with Tocho was rational by implicitly conceding that he had driven that car previously. Opp'n at 19. And although Plaintiffs question the Rangers' belief that Tocho was "armed and dangerous," Opp'n at 17, that belief, while reasonable, was not necessary to support the actions they took, *see* Basak Decl. ¶ 6 (Def. App'x at 22); Khan Decl. ¶ 6 (Def. App'x at 27); Sikes Decl. ¶ 8 (Def. App'x at 30); Spier Decl. ¶ 7 (Def. App'x at 34); Trester Decl. ¶ 6 (Def. App'x at 37).

Tex. Pen. Code § 9.51(a).[5] The Rangers' conduct meets all these requirements. As federal law enforcement officers, they are "peace officers" for purposes of the privilege. *Villafranca*, 587 F.3d at 264. They reasonably believed the detention was lawful and that the force used was necessary. *See* Rangers' Mot. at 5-8, 10-13; Rangers' Reply at 1-8, 11-14. Their identity was clear from their uniforms and marked patrol vehicles, *see* Fed. Defs.' Summary of Facts ("SOF") ¶¶ 18, 24 (ECF No. 28-1), and Plaintiffs in fact recognized them as law enforcement officers, *see* Davila Decl. ¶ 7 (ECF No. 38-1 at 11); Duarte Decl. ¶ 5 (ECF No. 38-1 at 21). And they made their purpose plain by giving Plaintiffs clear directions. *See* SOF ¶¶ 35-39.

Plaintiffs argue that the Rangers were not "peace officers" for purposes of the privilege because other state code provisions exclude federal law enforcement officers from the definition of "peace officers." Opp'n at 22 (citing Tex. Code Crim. Proc. art. 2.12, 2.122(d)). *Villafranca* forecloses this argument. In *Villafranca*, the Fifth Circuit considered whether the privilege at issue here applied to the conduct of agents of the Drug Enforcement Administration. 587 F.3d at 259. Those agents are also federal law enforcement officers, and the same criminal code provisions Plaintiffs cite declare DEA agents not to be peace officers. *See* Tex. Code Crim. Proc. art. 2.12, 2.112(a)(5). Yet the Fifth Circuit held that the United States could invoke the privilege for its law enforcement officers, including the DEA agents at issue there. 587 F.3d at 264. In so ruling, the Fifth Circuit noted that the Texas *Penal* Code — the code that creates the privilege at issue here — does not confine the term "peace officer" to just the definition in the Texas Code of Criminal Procedure, but instead defines "peace officer" as "'a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure . . . *or other law*.'" 587 F.3d at 264 n.7 (quoting Texas Penal Code § 1.07) (emphasis added). Like the DEA agents in *Villafranca*, the Rangers here are persons employed as peace officers under "other law." *See* 5 U.S.C. § 8401(17)(A)(i)(I); 16 U.S.C. § 1a-6(b). Therefore, like the DEA agents in *Villafranca*,

---

[5] Plaintiffs construct a list of "factors" by paraphrasing the Fifth Circuit's summary of the district court's findings in *Villafranca v. United States*, 587 F.3d 257 (5th Cir. 2009). *See* Opp'n at 19. Although the Fifth Circuit held these findings sufficient to support the privilege, the Fifth Circuit did not deem those findings necessary. *See* 587 F.3d at 264. The requirements for application of the privilege are found in the Texas Penal Code.

the Rangers are peace officers, and the United States may invoke the privilege. Plaintiffs' contrary interpretation would lead to intolerable consequences. In Plaintiff's view, the United States should be liable for assault whenever federal agents do anything more than conduct a citizen's arrest. Opp'n at 23. The Fifth Circuit justifiably condemned that result as "absurd," *Villafranca*, 587 F.3d at 264, and this Court should as well.

Plaintiffs also argue that "no official made their purpose clear," Opp'n at 20, but the Rangers did not need to spell out their motivations in detail to "manifest [their] purpose," Tex. Pen. Code § 9.51(a), in a way sufficient to invoke the privilege. For instance, in *Villafranca*, the Fifth Circuit found that the officers "made clear their purpose to arrest" where they gave the plaintiff orders to place his hands behind his back and handcuffed him. *See* 587 F.3d at 264 & n.10 (citing *Villafranca v. United States*, No. 3:06cv806, slip op. ¶ 13 (N.D. Tex. Aug. 19, 2008), ECF. No. 73). Similarly, the Rangers here made clear their purpose to detain Plaintiffs by giving them clear directions and handcuffing them. *See* SOF ¶¶ 35-39; Davila Decl. ¶¶ 11-12 (ECF No. 38-1 at 11-12); Duarte Decl. ¶¶ 9-10 (ECF No. 38-1 at 21). Thus, the use of force at issue here was privileged, and the Rangers' conduct did not constitute assault.

Finally, Plaintiffs argue that the Rangers' conduct had to meet the statutory standard for use of "deadly force." Opp'n at 19 (citing Texas Penal Code § 9.51(c)). But in that section of the Texas Penal Code, "a threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does *not* constitute the use of deadly force." Tex. Penal Code § 9.04 (emphasis added). Accordingly, even if the Rangers pointed their weapons as Plaintiffs allege, that "threat to cause death . . . by the production of a weapon" was not deadly force. The United States need only meet the lower standard for non-deadly force, which it has done.

### B. This Court should dismiss or, alternatively, grant the United States summary judgment on Plaintiffs' claim for intentional infliction of emotional distress.

In its motion, the United States pointed out that Plaintiffs have failed to show the extreme and outrageous conduct required for an emotional-distress claim. *See* U.S. Mot. at 12. Plaintiffs do not respond directly to this argument or explain how the Rangers' conduct was "extreme" or "outrageous." *See* Opp'n at 23-24. Nor do Plaintiffs make any effort to distinguish their claims

from the substantively identical emotional distress claims on which the court granted the United States summary judgment in *Garza v. United States*, 881 F. Supp. 1103, 1108 (S.D. Tex. 1995). Because Plaintiffs have failed to address, much less establish, a required element of their claim, the United States is entitled to summary judgment.

Instead of defending the emotional-distress claim asserted in the Complaint, Plaintiffs advance a new claim based on the distress they purportedly suffered from witnessing each others' treatment. Opp'n at 23-24. This new claim is yet another improper attempt to amend the Complaint in an opposition brief, *see Powell*, 610 F. Supp. 2d at 577. The new claim is also meritless. Under Texas law, "a claim for intentional infliction of emotional distress cannot be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). Thus, in *Standard Fruit*, a witness to a fatal traffic accident could not recover for intentional infliction of emotional distress, even if the cause of the accident was reckless driving, because the primary risk created by reckless driving was not emotional distress. *Id.* at 67-68. The emotional distress Plaintiffs allege here was incidental to the commission of other purported torts such as assault and false imprisonment. Like the witness in *Standard Fruit*, therefore, Plaintiffs cannot recover for intentional infliction of emotional distress resulting from purportedly reckless acts they witnessed.[6]

### C. This Court should grant the United Sates summary judgment on Plaintiffs' false imprisonment claim because the Rangers had legal authority to detain Plaintiffs.

As the United States explained in its motion, Plaintiffs' false imprisonment claim hinges on their ability to show their detention during the stop was "'without authority of law.'" U.S. Mot. at 13 (quoting *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)). Plaintiffs' arguments that the Rangers acted "without authority of law" track their arguments in

---

[6] Plaintiffs have not plead any claim under a bystander theory, which is a type of *negligent* infliction of emotional distress. *Chapa v. Traciers & Assocs.*, 267 S.W.3d 386, 398 (Tex. App.-Houston [14th Dist.] 2008, no pet.) Nor have they made any factual allegations or showing that they could satisfy the stringent requirements for recovery under that theory, *see generally Edinburg Hosp. Auth. v. Treviño*, 941 S.W.2d 76, 80 (Tex. 1997). At a minimum, Plaintiffs should have to plead facts to satisfy the elements of that theory, and the United States should be allowed to contest it in a threshold motion, before discovery on such a claim proceeds.

opposition to the Rangers' motion and are addressed and rebutted in the Rangers' reply. *See* Rangers' Reply at 10-14.

## CONCLUSION

By addressing the fundamental flaws in Plaintiff's claims against the United States now, this Court can streamline or even close this case. The parties can avoid discovery that would be not only irrelevant, but burdensome and invasive. And this Court can avoid wading through further disputes over claims that warrant no further consideration or expenditure of resources by anyone. Plaintiffs' claims lack merit, and this Court should dispose of them accordingly.

Respectfully submitted,

TONY WEST
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director, Constitutional Torts Staff

RICHARD MONTAGUE
Senior Trial Counsel, Constitutional Torts Staff

/s/ _____
ZACHARY RICHTER, Texas Bar No. 24041773
Trial Attorney, Constitutional Torts Staff
United States Department of Justice, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C.  20044
(202)616-4199 (phone)
(202)616-4314 (fax)

*Attorneys for the United States, Iftikhar Khan, Phil Basak, Brian L. Sikes, Mark Spier & Blake Trester*

CERTIFICATE OF SERVICE

    I certify that on June 17, 2011, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to

| Javier Saenz | Amanda Jane Chisholm | Susan L. Watson |
| --- | --- | --- |
| Texas Rio Grande Legal Aid | Texas RioGrande Legal Aid | Texas RioGrande Legal Aid |
| 1331 Texas Ave | 114 North 6th Street | 311 Plus Park Blvd., Suite 135 |
| El Paso, TX 79901 | Alpine, TX 79830 | Nashville, TN 37217 |
| jsaenz@trla.org | achisholm@trla.org | swatson@trla.org. |

                          /s/ _____
                          Zachary Richter